DAN M. LEE, Justice,
for the Court:
This appeal presents just one issue, whether a circuit judge of one county may grant credit for time served in a second county when a prisoner is arrested and charged with a crime in the first county and, prior to arraignment, is subsequently transferred to the second county to face another charge, the transfer being attended by a detainer from the first county? We conclude that § 99-19-23 Miss.Code Ann. (1972) requires this question be answered in the affirmative.
The record in this appeal is scant to say the least. It consists primarily of appellant Lonnie Keith Lee’s handwritten motion for credit for time served. In that motion Lee alleges that on May 1,1976, he and his wife, Martha, were arrested in Ocean Springs, Mississippi. The arrest was made on a warrant issued in Pearl River County. During the search of Lee’s vehicle a controlled substance was discovered. The couple was taken to the jail in Ocean Springs and a few days later transported to the Jackson County jail. They remained there only a short time before they were transferred to the *1209 Harrison County jail to face another charge. A detainer was placed in Lee’s file for the Jackson County charge. That de-tainer remained in his file for all time periods relevant to this appeal.
Lee alleges that he remained in custody in Harrison County for six months. He was then transported to Pearl River County and the detainer from Jackson County again followed him. On February 8, 1977, Lee was transported to Jackson County where he was introduced to a legal intern who advised him to plead guilty to the Jackson County charge. Lee was advised that if he entered a guilty plea the case would be passed to the files. In his brief he states that his understanding was that in exchange for a guilty plea he would not be sentenced to serve time beyond that which he was serving in Pearl River County. The judge accepted the guilty plea and set the date for sentencing at February 18, 1977. The legal intern advised Lee that if the sentences were to run concurrently there would be no need for him to return on February 18. Lee was then returned to Pearl River County where he completed his previous sentence. He was not returned to Jackson County February 18, 1977 and therefore sentence was not then imposed.
Four years later, a second sentencing date was set for February 20, 1981. Lee did not appear at that time either. On April 24, 1981, Lee was arrested in Holmes County, transferred to Jackson County five days later, and sentenced to three (3) years imprisonment based on the 1977 guilty plea. Lee then filed his motion for credit for time served. Lee’s motion requested that he be granted credit for the time between May 1, 1976, when he was arrested, and February 8, 1977, when he entered a guilty plea in Jackson County. The Circuit Court of Jackson County denied his motion for credit for time served. In pertinent part the opinion of the judge in denying the motion reads: “This court finds no authority which will allow the Circuit Court of Jackson County to give the defendant credit for time served in the Pearl River County jail while awaiting trial in that county and the motion should be denied.”
Section 99-19-23 Miss.Code Ann. (1972) reads:
The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.
The key phrase of § 99-19-23 involved in this appeal is “... while awaiting trial on a criminal charge ...” When Jackson County transferred Lee to Harrison and Pearl River Counties, a detainer was placed in his file with each transfer. Therefore, Jackson County retained jurisdiction over Lee at least for purposes of prosecuting the Jackson County charge. At no time prior to the entry of Lee’s guilty plea in Jackson County on February 8,1977, did Jackson County relinquish its hold over him by dropping the detainer. Had the authorities of either Harrison or Pearl River County decided to release Lee the detain-er would have required that he be returned to Jackson County authorities. Lee was simply loaned to and housed in another county while he awaited trial in Jackson County. There can be no mistake that he was still awaiting trial in Jackson County. Note that the statute reads “. .. incarceration in any municipal or county jail ...” (emphasis added). § 99-19-23 Miss.Code Ann. (1972).
It is also noted that in cases where prisoners transferred to another county to be held because it is inconvenient or impossible to hold him in the first county, the first county retains jurisdiction. § 47-3-1 Miss.Code Ann. (1972). Of course, that statute is designed to deal primarily with over-crowded or non-existing county jails. But the rationale is analogous. It was apparently more convenient for Jackson County to allow Harrison and Pearl River Counties to try Lee first. Jackson County did not have to allow Lee’s transfer and when it did he was not released from its jurisdiction, as he remained on a detainer. There *1210 fore, the Circuit Court of Jackson County was in error when it held that it had no authority to give a defendant credit for time served in Pearl River County jail while awaiting trial in that county. The use of the detainer made it clear that Lee was not only awaiting trial in Pearl River County but also awaiting trial in Jackson County.
Based on the foregoing, we hold that the order of the trial judge denying the motion for credit for time served be reversed. Because the court’s order cursorily dismissed the motion for credit for time served, without a proper record being made as to actual time served while on detainer, we cannot render but must remand for proof of that issue. Due to the fact that Lee’s present incarceration may be dependent on receiving this credit for time served, we suggest that the Circuit Court dispose of this matter at the earliest possible date.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.