726 So.2d 227 (1998)
Sherwood TAYLOR, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CP-01149 COA.
Court of Appeals of Mississippi.
December 30, 1998.
Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorneys for Appellee.
BEFORE THOMAS, P.J., COLEMAN AND HINKEBEIN, JJ.
THOMAS, P.J., for the Court:
¶ 1. Sherwood Taylor, pro se, appeals an order of the Circuit Court of Walthall County, Mississippi denying his post-conviction motion to correct sentence and to allow credit to his time served while in jail in the Washington Parish Jail, Louisiana. Taylor argues on the presumption that his sentence in Mississippi should be offset by the time served while in a Louisiana jail. Taylor specifically argues that 105 days should be credited as time served on his Mississippi conviction.

THE ISSUE
¶ 2. Taylor cites one issue for consideration before this Court:

WHETHER THE TRIAL COURT COMMITTED ERROR IN DENYING THE MOTION TO CORRECT AND MODIFY SENTENCE
¶ 3. During April of 1996, Taylor was serving time in the Washington Parish Jail, Louisiana on an unrelated Louisiana charge. Taylor states in his brief that his release from the Louisiana sentence was to have been April 30, 1996. Taylor maintains that on April 3, 1996, while he was incarcerated in Louisiana, Mississippi authorities, specifically the Walthall County Sheriff's Office, placed a "hold" on his person on Mississippi charges of false pretense and attempted false pretense.
¶ 4. On August 13, 1996, Taylor executed a waiver of extradition and was then taken to Walthall County, Mississippi on August 15, 1996 for a guilty pleading and sentencing that same day. As conceded in Taylor's brief, between April 3, 1996 and August 13, 1996, two additional Louisiana charges were pending against him for felony theft and misdemeanor theft. Taylor was booked on a charge of felony theft on April 3, 1996; however, that charge was dropped on August 13, 1996. The second charge of misdemeanor theft which was booked on April 11, 1996 was also dropped prior to August 13, 1996, on April 26,1996.
¶ 5. It is from these facts that Taylor maintains his argument that he was entitled to approximately 105 days credit on his Mississippi *228 conviction for the time served while awaiting extradition to Mississippi for unrelated charges. Taylor premises the argument that since the two Louisiana charges were ultimately dropped prior to his extradition to Mississippi, he should be given credit for that time. We disagree.
¶ 6. We turn to the Miss.Code Ann. § 99-19-23 (Rev.1994) to resolve the issue of whether credit for time served in another state while an accused is awaiting extradition to Mississippi should be allowed in reaching the accused's sentence under the Mississippi charge. That section states as follows:
The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.
¶ 7. This very issue was addressed by our supreme court in Holland v. State, 418 So.2d 73 (Miss.1982). "[N]o application to time served in another state while an accused is awaiting return to this State to face criminal charges" is to be imputed in the language of § 99-19-23. Id. at 74. The court reasoned that to hold otherwise would "encourage an accused to ... fight extradition." Id. To allow the crediting of time served in another state while an accused is awaiting extradition to Mississippi on criminal charges is to create the incentive for the accused to pick and choose between his current incarceration and the potential incarceration awaiting him in our State "knowing that any time spent in jail in such state would be credited to any sentence received by him upon conviction." Id.
¶ 8. In addition, it is readily apparent from Taylor's brief that during the period of incarceration in Louisiana, while awaiting extradition to Mississippi, Taylor was either serving the rest of his original Louisiana conviction or being held on the two additional Louisiana charges pending against him. A review of the record reveals that Taylor's Mississippi sentence commenced to run on August 13, 1996, the date he executed his waiver of extradition, rather than August 15, 1996, the date of his pleading and sentencing. This assignment is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO WALTHALL COUNTY.
BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.