LEE, J.,
for the Court:
¶ 1. Bryan A. Skinner was initially charged with murder, but entered a plea of guilty to manslaughter. Skinner was sentenced by the Honorable Kenneth Coleman to serve five years in the Mississippi Department of Corrections. Additionally, Judge Coleman credited Skinner with time served commencing on April 11, 1998 through May 18, 1998, the date the order for Skinner’s sentence for his plea of guilty to manslaughter was entered. Skinner has filed a timely pro se petition for post-conviction collateral relief. Skinner argues one issue on appeal: whether he has been given proper credit for time served toward his five-year sentence for manslaughter. We find this issue is without merit.
FACTS
¶ 2. Contained within the record is Skinner’s affidavit that was attached to his motion to clarify sentence. In this affidavit Skinner states that he was incarcerated in the Marshall County jail serving a twenty-five-year sentence for an armed robbery committed in Harrison County. The affidavit also stated that on December 18, 1997, the Mississippi Supreme Court reversed and rendered his conviction. Indeed, a review of the record reveals a mandate from the Mississippi Supreme Court which was issued April of 1998. It declares the case titled Bryan Able Skinner v. State, 2001 WL 684310, case number 96-KA-00350-SCT (Miss.App.Ct.) was reversed and rendered, and reveals a stamp of the Central Mississippi Correctional Facility with the date of April 10, 1998. On October 18, 1996, while serving his sentence for case number 96 KA-00350-SCT, Skinner was issued a warrant for arrest from the Justice Court of Marshall County for the charge of murder.
¶ 3. The affidavit presented with the warrant for arrest alleged that on or about October 14, 1996, Skinner did “willfully, unlawfully, feloniously and without authority of law and with the deliberate design to effect the death of John Kelly, kill and murder the said John Kelly, a human being .... ” Subsequently, Skinner entered a plea of guilty to manslaughter.
¶ 4. Prior to entering the plea agreement, the State made a recommendation that Skinner be sentenced to serve a term of five years and that approximately a month of credit be given toward this charge for the time he had been in the Marshall County jail. The Honorable Kenneth Coleman, the trial judge at the guilty plea hearing, accepted this recommendation and sentenced Skinner to five years with credit being given for the period commencing April 11, 1998 until May 18, 1998, the day which Skinner entered a plea of guilty to manslaughter.
*220 DISCUSSION
WHETHER SKINNER HAS BEEN GIVEN PROPER CREDIT FOR TIME SERVED TOWARD HIS FIVE-YEAR SENTENCE FOR MANSLAUGHTER.
¶ 5. Skinner argues that pursuant to Miss.Code Ann. § 99-19-23 (Rev.2000) and Lee v. State, 437 So.2d 1208 (Miss.1983), he is entitled to more credit for time served than has previously been given towards his five-year sentence for manslaughter. Skinner appears to take two approaches to this argument. First, Skinner argues that although he was already in the Marshall County jail serving a sentence for armed robbery at the time he received the warrant for murder, it was error not to allow him credit for the time he was confined towards his ultimate sentence for manslaughter. He claims credit for his confinement on his manslaughter sentence should commence on October 18, 1996, the day he was served with the warrant for the murder, instead of April 11, 1998. Second, Skinner argues that since his charge of armed robbery was later reversed and rendered by the Mississippi Supreme Court, he is entitled to apply the time served for the armed robbery as credit towards his sentence for manslaughter.
¶ 6. The State argues that the record reveals Skinner was given credit for time served in the Marshall County jail within the guidelines of Miss.Code Ann. § 99-19-23 (Rev.2000). Additionally, any sentence Skinner was serving prior to his plea of guilty to manslaughter was for the charge of armed robbery and should not be applied as credit to the manslaughter sentence. Furthermore, the State contends that the fact that this conviction was subsequently reversed has no impact on the subsequent sentence of manslaughter. We first address Lee v. State, to determine whether it is applicable to the case at bar. Lee v. State, 437 So.2d 1208 (Miss.1983).
¶ 7. In Lee v. State, Lee and his wife were arrested in Ocean Springs, Mississippi. Lee, 437 So.2d at 1208. The arrest was the result of a warrant that had been issued in Pearl River County. Id. During the search of the automobile driven by Lee a controlled substance was discovered. Id. Lee and his wife were taken to a jail in Ocean Springs and were later transported to the Jackson County jail. Id. Subsequently, they were transported to the Harrison County jail to face another charge. Id. at 1208-09. However, a detainer was placed in Lee’s file for the Jackson County charge. Id. at 1209.
¶ 8. On appeal, Lee requested credit for time served and presented just one issue:
whether a circuit judge of one county may grant credit for time served in a second county when a prisoner is arrested and charged with a crime in the first county and, prior to arraignment, is subsequently transferred to the second county to face another charge, the transfer being attended by a detainer from the first county?
Id. at 1208. The Mississippi Supreme Court held that pursuant to Miss.Code Ann. § 99-19-23, Lee was entitled to relief. Id. The court concluded that since Jackson County had placed a detainer in Lee’s file, Jackson County retained jurisdiction over the Jackson County charge. Id. at 1209. The court explained that since Jackson County had never removed its detainer from the file during the transfers even if one of the other counties decided to release Lee, he would be returned to Jackson County. Id. The Mississippi Supreme Court determined that Lee was merely loaned or housed in another county while he awaited trial for the charge in Jackson County. Id. As stated in Lee, “[t]he key phrase of § 99-19-23 is ... *221 while awaiting trial on a criminal charge.Id. Consequently, the case of Lee v. State, is distinguishable from the case at bar.
¶ 9. Skinner’s situation is divergent from that of Lee’s because he was not awaiting a trial on two separate charges. To the contrary, Skinner was incarcerated in the Marshall County jail serving time for the crime of armed robbery when he was served with the warrant for murder. We find this distinction sufficient to determine that the holding in Lee does not apply to the case sub judice. The holding in Lee does not require this Court to allow credit for confinement on a sentence that was already being served. We also find the fact that the sentence for armed robbery was later reversed and rendered to have no effect on the outcome. Additionally, this Court notes that the Honorable Kenneth Coleman presided over both Skinner’s guilty plea hearing and his motion to clarify sentence which was filed pursuant to Skinner’s right to file a petition for post-conviction collateral relief.
¶ 10. Since Skinner was already incarcerated and serving a sentence for armed robbery, the decision Judge Coleman faced in determining the proper credit for confinement was essentially one of determining whether he was going to allow the sentences for armed robbery and manslaughter to run concurrently or consecutively. The record is clear that he chose the latter. Although pursuant to Miss. Code Ann. § 97-3-25 (Rev.2000), he could have sentenced Skinner to a maximum of twenty years, Judge Coleman sentenced Skinner to five years. The sentencing order entered by Judge Coleman clearly reveals that he only intended Skinner to receive credit for the period commencing April 11, 1998, the day after the Mississippi Supreme Court mandate was recorded through May 18, 1998, the day he entered a plea of guilty to manslaughter.
¶ 11. Sentencing is generally within the sound discretion of the trial judge and the trial judge’s decision will not be disturbed on appeal if the sentence is within the term provided by statute. Davis v. State, 724 So.2d 342 (¶ 10) (Miss. 1998). The practical effect of this general rule is that a trial judge’s sentencing decision has traditionally been treated as unre-viewable so long as the sentence was within the statutory limits. As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal, Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). Skinner’s sentence did not exceed the maximum sentence allowed for manslaughter pursuant to Miss.Code Ann. § 97-3-25 (Rev.2000). Skinner not only cited Lee v. State, but also stated Miss.Code Ann. § 99-19-23 (Rev.2000), entitled him to relief.
¶ 12. Miss.Code Ann. § 99-19-23 (Rev.2000) states:
The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.
The record discloses the Mississippi Supreme Court entered a final judgment to reverse and render a conviction for Skinner in case number 96-KA-Q0350-SCT on December 18, 1997. The mandate contained within the record also reveals that on March 12, 1998, a motion for rehearing was denied by the Mississippi Supreme Court. The mandate was finally issued by the Mississippi Supreme Court in April of 1998, more specifically what appears to be April 8, 1998. The mandate was recorded *222 in the Central Mississippi Correctional Facility records on April 10, 1998. Under this factual situation, Judge Coleman followed the guidelines of Miss.Code Ann. § 99-19-23 (Rev.2000) when he allowed Skinner credit toward his sentence of manslaughter beginning April 11,1998.
¶ 13. Miss.Code Ann. § 99-39-11(2) (Rev.2000) states: “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the trial judge may make an order for its dismissal and cause the prisoner to be notified.” In Par Industries, Inc. v. Target Container Co., the applicable standard of review was stated:'
“A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor,” and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. Where the trial court failed to make any specific findings of fact, this Court will assume that the issue was decided consistent with the judgment and these findings will not be disturbed on appeal unless manifestly wrong or clearly erroneous. The reviewing court must examine the entire record and must accept, “that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court’s findings of fact.” That there may be other evidence to the contrary is irrelevant.
Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47 (¶ 4) (Miss.1998) (citations omitted). Therefore, the trial judge’s finding is supported by substantial, credible and reasonable evidence. The trial judge was not manifestly in error or clearly erroneous when he denied Skinner’s motion. We determine that although the mandate issued by the Mississippi Supreme Court may have subsequently voided the sentence for armed robbery, nonetheless, Skinner was serving the sentence until the date of April 11, 1998. Therefore, in the case at bar, the record fails to disclose that the trial judge abused his discretion in sentencing when he only allowed Skinner credit for time served on the manslaughter charge beginning April 11, 1998, to the entry of his guilty plea on May 18, 1998. It is apparent that the argument and facts presented by Skinner do not supply a basis for relief. Accordingly, this issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, MYERS and CHANDLER, JJ., concur.
KING, P.J., dissents with a separate written opinion joined by PAYNE and IRVING, JJ.