KING, P.J.,
dissenting:
¶ 15. I respectfully dissent from the majority opinion adopted herein.
¶ 16. The Marshall County Circuit Court dismissed as meritless Skinner’s petition for post-conviction relief.
¶ 17. On November 27, 1990, Skinner was convicted of armed robbery and sentenced to twenty-five years in the custody of the Mississippi Department of Corrections. Skinner appealed his armed robbery conviction to the Mississippi Supreme Court. While his appeal was pending, Skinner was assigned to the Marshall *223 County Correctional Facility to serve his sentence.
¶ 18. On October 10, 1996, Skinner was involved in a fight at the Marshall County Correctional facility. A homicide occurred as a result of that fight. An affidavit charging Skinner with murder, arising out of that fight, was executed on October 18, 1996, and on that same day a Marshall County deputy sheriff came to the Marshall County Correctional Facility and served an arrest warrant upon Skinner, effecting his arrest on the charge of murder. Skinner was then given a detention notice, and a detainer was placed in his file.
¶ 19. On December 18,1997, the Mississippi Supreme Court reversed and rendered Skinner’s conviction of armed robbery. The State’s motion for rehearing was denied, and the mandate ordering Skinner’s discharge on the charge of armed robbery, was issued on April 8, 1998, and received at the Corrections Department on April 10, 1998, whereupon, Skinner was transferred to the Marshall County jail to await resolution of the murder charge.
¶ 20. On May 18, 1998, Skinner filed a petition to enter a plea of guilty to a reduced charge of manslaughter. That petition to enter a guilty plea stated that Skinner had accepted a plea of “5 years to serve.” The plea petition contained no other language regarding a plea recommendation.
¶21. In accepting Skinner’s plea of guilty, the following exchange occurred between the trial court and the district attorney:
THE COURT: All right. The Court is of the opinion that the Defendant has freely and voluntarily knowingly offered his plea of guilty. It is the Court’s opinion that the Defendant is aware of his circumstances, that he is aware of the consequences of entering plea of guilty. The Court is of the further opinion that he is not under any legal disability, doesn’t suffer from any legal limitation so far as having conferred with his attorney and made a decision to enter a plea of guilty.
The Court is going to accept the plea of guilty as freely and voluntarily made.
Is the State going to have a recommendation?
MR. DOXEY: Yes, sir, Your Honor. The State would recommend that he be sentenced to serve a term of five years; that there will be a little bit of credit given, about a month, since he has been in the Marshall County Jail; that he will be credit for the time—
THE COURT: All right. He is entitled to whatever time that he has served on that, and I am going to accept the recommendation of the State, and I do sentence you to serve a term of five years in an institution to be designated by the Mississippi Department of Corrections. And you will be in the hands of the Sheriff to be transported to that institution.
Thereafter, the trial court entered a sentencing order, which, in part provided:
IT IS HEREBY ORDERED AND ADJUDGED that the defendant, be and he is hereby sentenced to five (5) years in an institution to be designated by the Mississippi Department of Corrections.
And further, the defendant is ordered to pay all costs and fees incurred in this cause, and the total, $345.50 shall be enrolled as a civil judgment in favor of Marshall County, Mississippi. Said Judgment to be paid within 6 months after the defendant is released from the institution. If delinquent more than thirty (30) days, the Clerk may with the assistance of the County or District At *224 torney, institute garnishment proceeding against said defendant in this Cause. This judgment shall be satisfied by the Clerk when payment in full has been made into this Court.
The defendant is credited with — days in jail from April 11, 1998 to present awaiting disposition of this case.
¶ 22. In accordance with the trial court’s order, Skinner was given credit for, 37 days. This represented the time between April 11, 1998, the day after receipt of the supreme court mandate reversing and rendering the armed robbery conviction, and May 18, 1998, the date of Skinner’s guilty plea.
¶ 23. Skinner now alleges that because the Mississippi Supreme Court reversed and rendered his armed robbery conviction, thereby rendering it void ab initio, he should have been given credit, pursuant to Miss Code Ann. Section 99-19-23 (Rev. 2000), from October 18, 1996, the date of his arrest on the murder charge.
¶ 24. The trial court by pro forma order [1] denied Skinner’s requested relief.
¶ 25. The majority incorrectly holds that (1) the disposition of Skinner’s armed robbery conviction has no impact on the resolution of this case, and (2) that the issue before the trial judge was whether to cause Skinner’s manslaughter conviction to be served concurrently with his armed robbery conviction. This holding suggests that the majority has failed to understand what appears to be a novel issue of first impression in this State.
¶ 26. The question which the trial court and this Court have been asked to resolve is this. Is a person, (1) who is jailed pending the appeal of a criminal conviction, (2) who commits a second criminal offense while incarcerated, for which he is arrested and detained, (3) who has the first conviction reversed and rendered on appeal, and (4) who is convicted on the second offense after the first conviction has been reversed and rendered, entitled to receive credit on his sentence from the date of his arrest and detention on the second offense, or from the date of the mandate finally voiding the first conviction?
¶ 27. As noted this specific question appears to be one of first impression. I would suggest the answer to be he is entitled to credit from the date of arrest.
¶ 28. When an appellate court reverses and renders a criminal conviction, that conviction is vacated and voided ab initio. The conviction is vacated and voided as of its inception. The point of that inception is the date of conviction in the trial court. Skinner was convicted of armed robbery on November 27, 1990. The mandate, reversing and rendering, was issued on April 8, 1998. However, Skinner’s conviction was voided not from and after April 8, 1998, but rather from and after November 27, 1990. Skinner was arrested and detained on the murder charge on October 18, 1996. Skinner was convicted of manslaughter and sentenced on May 18, 1998. When Skinner was convicted and sentenced on the manslaughter charge, the mandate had been issued on April 8, 1998, *225 and had voided the armed robbery conviction, from and after November 27, 1990.
¶ 29. Therefore, when Skinner was sentenced on the manslaughter conviction there was no armed robbery conviction, nor any armed robbery sentence to be served either concurrently or consecutively to the manslaughter sentence.
¶ 30. The net effect of the facts then existing before the trial court on May 18, 1998, when Skinner entered a guilty plea to the charge of manslaughter, was (1) Skinner had been arrested and detained on a charge of murder on October 18, 1996, (2) Skinner had been continually detained from October 18, 1996 as he awaited trial on the murder charge, (3) the murder charge had been reduced to manslaughter on May 18, 1998, and (4) Skinner was entitled to have credited against his sentence that time, between October 18, 1996 and May 18, 1998, spent in detention awaiting trial on this charge.
¶ 31. This is consistent with legislative dictates under Miss.Code Ann. Section 99-19-23, (Rev.2000) and Lee v. State, 437 So.2d 1208 (Miss.1983).
¶ 32. While the majority has attempted to distinguish Lee from the present case, that effort must fail as being syllogistically infirm. The majority suggests that Lee does not apply because Skinner was not in a county or municipal jail and was not awaiting trial on two separate charges. It cannot be denied (1) that Skinner was arrested by Marshall County officials while at the State’s Marshall County Correctional Facility, (2) that he was detained there pursuant to execution of the Marshall County arrest warrant, which had been served upon him on October 18, 1996, and (3) that when the mandate was issued, Skinner was not released, but, pursuant to the Marshall County arrest warrant, executed on October 18, 1996, was immediately transferred to the Marshall County jail. When the armed robbery conviction was reversed and rendered, it voided ab initio that conviction. This meant that the time Skinner spent in jail between October 18, 1996, and April 10, 1998, was spent solely awaiting trial on the charge of murder. Accordingly, the distinction attempted by the majority is one without a difference.
¶ 33. In paragraph 10 of its opinion, the majority states:
Since Skinnef was already incarcerated and serving a sentence for armed robbery, the decision Judge Coleman faced in determining the proper credit for confinement was essentially one of determining whether he was going to allow the sentences for armed robbery and manslaughter to run concurrently or consecutively. The record is clear that he chose the latter.
¶ 34. Such assertion enjoys no support in the record before this Court. The only remark by Judge Coleman on this issue is this, “He is entitled to whatever time that he has served on that....” Such a remark does not suggest a decision, made consciously or otherwise, to address whether the sentence was intended to be served consecutively or concurrently. Rather, the most appropriate reading of Judge Coleman’s remark is that he intended for Skinner to receive that credit required by law.
¶ 35. Accordingly, the decision made by Judge Coleman was not a finding of fact, but rather addressed a question of law. While this Court gives deference to a trial court’s findings of fact, where supported by substantial evidence, Meeks v. State, 781 So.2d 109 (¶ 9) (Miss.2001), we do not accord any deference to a trial court’s findings of law, but rather review them de novo. Brown v. State, 731 So.2d 595 (¶ 6) (Miss.1999).
¶36. When the facts of this case are reviewed, and the proper standard of review applied to the matters of law, we are led inescapably to the following findings of *226 law (1) the reversal and rendering of Skinner’s armed robbery conviction vacated and voided that conviction as of November 27, 1990, (2) that when Skinner was sentenced on May 18, 1998, on the charge of manslaughter, the armed robbery conviction did not exist, and for purposes of sentencing on the charge of manslaughter had never existed, (3) that when Skinner’s armed robbery conviction was nullified, all time spent incarcerated between October 18, 1996 and May 18, 1998, was spent solely awaiting trial on the charge of murder, and (4) that all time which Skinner spent awaiting trial on the charge of murder should have been credited against his ultimate sentence.
¶ 37. Where a trial judge has misapplied the daw, he has, as a matter of law, abused his discretion. Under these circumstances, this Court should not hesitate to reverse him. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989).
¶ 38. Therefore, I would reverse and hold that Skinner should be credited with time served from the date of his arrest, October 18,1996.
PAYNE and IRVING, JJ., join this dissent.

. That order stated:
This day this cause came on for hearing upon the petition for post-conviction relief heretofore filed herein by the defendant, and the court having examined said petition pursuant to the provisions of Section 99-39-11(2) finds that it is manifest that the defendant is not entitled to any relief.
It is therefore ordered and adjudged that the Defendant’s petition for post conviction relief should be, and it is hereby dismissed.
The Clerk is hereby directed to furnish the Defendant and the Clerk of the Miss. Supreme Court with a copy of this order.