McMILLIN, C.J., for the court.
¶ 1. Steven Stanley, in a pro se brief, appeals from an order of the Pearl River County Circuit Court denying his petition for post-conviction relief. The circuit court held that the motion was procedurally barred because it was untimely filed. Despite that finding, the court then proceeded to consider the motion on the merits and found it without merit when the court concluded that Stanley was not entitled to credit for time served in the Alabama prison system even though Mississippi had a detainer request pending against him the entire time he was in Alabama. Stanley has appealed the court’s decision. While we do not agree that the motion was time-barred, we do agree that there is no merit in Stanley’s contention that he is entitled to credit for time served in Alabama.
I.
Facts
¶ 2. Stanley was arrested in Mississippi in September 1991 for the crime of armed robbery and subsequently indicted for that crime by a Pearl River County grand jury. After it was determined that Stanley was, at the time, a fugitive from Alabama, he was temporarily transferred to that state to face outstanding charges there. Ultimately Stanley was sentenced to life in prison in Alabama. Mississippi had no interest in seeking the return of Stanley to this state until he had completed his Alabama sentence. Mississippi therefore placed a detainer request on Stanley with Alabama.
¶ 3. Stanley was paroled by Alabama and returned to Mississippi pursuant to the detainer request in 1998. In July of that year he entered a guilty plea to armed robbery and was sentenced to serve a term of fifteen years.
II.
Stanley’s Theory Demonstrating His Entitlement to Relief
¶ 4. Stanley filed his motion for post-conviction relief on May 15, 2002. His claim, in essence, is that he is being wrongly detained because he has completed the term of his sentence. His theory in support of that contention is as follows. At the time his offense was committed, a prisoner could become eligible for release through earned good time after serving fifty percent of the sentence. Thus, Stanley would become eligible for release after serving seven and one-half years. Considering that he was arrested in September 1991 and had been in continuous confinement from then until his guilty plea was entered in July 1998, Stanley alleges that he is entitled to credit for all time served during that period. When combined with his post-conviction incarceration, Stanley reached the seven and one-half year point in March 1999 and, according to his argument, has been wrongfully incarcerated since that date.
III.
Discussion
¶ 5. Stanley first argues that the trial court erred when it dismissed his *156 motion for post-conviction relief as being untimely because the motion was not filed within three years of his guilty plea. We agree with Stanley on this point. Stanley has asserted a claim that, if correct, would suggest that his sentence has at least potentially expired (the only uncertainty being whether his conduct in confinement has been such as to entitle him to the maximum earned time credit). A claim by a prisoner that his sentence is expired is excluded from the time bar. Miss.Code Ann. § 99-39-5(2) (Rev.2000). This exception is appropriate for the obvious reason that such a claim does not arise until the sentence has actually expired according to the movant’s theory of computation — an event that may not occur until more than three years after the date of conviction or' plea.
¶ 6. We next consider whether or not Stanley should have been given credit for the time that he served in Alabama. Stanley argues the mandatory language of Section 99-19-23 of the Mississippi Code demonstrates his right to relief. The section states, in part, as follows:
The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge ... shall be applied on any sentence rendered by a court of law....
Miss.Code Ann. § 99-19-23 (Rev.2000). Stanley’s reliance on this statute is misplaced. This statute ensures that a prisoner awaiting trial who, for any reason, is unable to obtain his release on bail, is credited for the period of his confinement if he is ultimately convicted. Whether it has any application to a prisoner serving a term of confinement for another crime is the issue this Court must face.
¶ 7. The State suggests that the answer lies in the fact that Stanley was being held by another jurisdiction. In its brief, the State cites Holland v. State, 418 So.2d 73 (Miss.1982), as authority that Stanley is not entitled to credit for the period of his Alabama incarceration. Holland was being detained in Indiana while he unsuccessfully fought extradition back to Mississippi to face criminal charges. Holland, 418 So.2d at 74. After his ultimate return and conviction, he sought credit for the time he was jailed in Indiana. Id. The Mississippi Supreme Court said that Section 99-19-23 had no application to time served in another state while an accused is awaiting return to Mississippi to face criminal charges, deciding the case largely on policy considerations that such a' decision would encourage potential defendants to flee the state and, if caught, resist extradition with little if any downside risk. Id.
¶ 8. Stanley seeks to distinguish Holland on the basis that, during the period of Holland’s confinement while he resisted extradition, Mississippi had no jurisdiction over the person of Holland so that he was not being incarcerated by this state within the meaning of Section 99-19-23. To the contrary, Stanley argues, he (Stanley) was arrested in Mississippi and his person was voluntarily surrendered to the state of Alabama subject to a detainer request that remained in effect throughout his stay in that state. According to Stanley, this continuing hold on his freedom by Mississippi to ensure his ultimate availability to face the Mississippi robbery charge amounts to his being confined to await trial.
¶ 9. Certainly, we would agree that the rationale offered by the supreme court for its decision in Holland has no application to Stanley’s situation since Stanley had no opportunity to flee this state or to resist his ultimate return. The answer to thé issue must be found elsewhere.
¶ 10. We conclude that the proper answer in this case lies, not in whether the *157 period of pre-conviction incarceration occurred inside or outside the geographic boundaries of this state, but rather on the nature of the confinement itself. The question is whether a person serving a prison sentence as punishment for conviction for another crime is, nonetheless, also being held to await trial on another charge for purposes of Section 99-19-23 simply because the other charge remains unresolved during some part of the period of incarceration.
¶ 11. Viewing the matter in that light, we conclude that the answer would be the same if, instead of being transferred to Alabama, Stanley had been surrendered by Pearl River County authorities to another county in this state to answer to another charge, had been convicted on that charge and had begun to serve his sentence before being brought back to Pearl River County for trial. In that situation, it is clear that Stanley would be entitled to time served in the other county prior to his conviction in that county. Lee v. State, 437 So.2d 1208, 1209-10 (Miss.1983). However, in Skinner v. State, this Court found a distinction to exist when the defendant was not being held to answer to two separate crimes but was incarcerated as a result of a conviction for another crime while the charge in question remained unresolved. Skinner v. State, 790 So.2d 218, 220-21 (¶¶ 7-9) (Miss.Ct.App.2001). In that case, Skinner was serving time on another conviction when he was served with an arrest warrant charging him with murder. Skinner, 790 So.2d at 219(¶2). After pleading guilty to manslaughter and receiving a five year sentence, Skinner argued that he was entitled to credit for the entire period of confinement after the murder warrant was served since he was detained during the period and was awaiting trial. Id. at 220(¶ 5). This Court denied relief, saying that “Lee does not require this Court to allow credit for confinement on a sentence that was already being served.” Id. at 221(¶ 9).
¶ 12. Though the facts of this case are not identical to Skinner, we think that the rationale in Skinner can be seen as standing for the more general proposition that a prisoner actually serving time for another conviction is not, within the meaning of Section 99-19-23, being held to await trial. For that reason, the trial court was correct in concluding that Stanley was not entitled to credit for time served while incarcerated in Alabama as punishment for a crime committed in that state, even though there were criminal charges pending against him in this state during the entire period of his Alabama confinement.
¶ 13. Stanley attempts to raise a third issue in his brief. He contends that he had a potentially viable defense to the charge based on that he was denied a speedy trial and that he only waived that defense and pled guilty on the understanding that he was to be given credit for his time served in Alabama. He argues essentially that, if he is not given credit for that time spent in the Alabama prison system, he has been denied the benefit of his bargain and is entitled to now assert his denial of a speedy trial claim. This amounts to a claim that his plea was not knowingly and intelligently given, which is an issue that was not raised in Stanley’s motion before the circuit court. It is, therefore, procedurally barred. An appellate court’s primary function is to identify and correct errors committed at the trial level and it will not generally consider issues raised for the first time on appeal. Martin v. State, 556 So.2d 357, 358 (Miss.1990).
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. *158 COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.