# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01078-COA

**DANIEL ISRAEL SINGLETON A/K/A DANIEL I. SINGLETON A/K/A DANNY SINGLETON A/K/A DANNY SINGLETON, JR.**      **APPELLANT**

**v.**

**SUPERINTENDENT JACQUELYN BANKS, STATE OF MISSISSIPPI AND JACQUELYN BANKS**     **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/28/2016 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANIEL ISRAEL SINGLETON (PRO SE) |
| ATTORNEYS FOR APPELLEES: | ANTHONY LOUIS SCHMIDT JR. |
| | DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 12/05/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. In May 1984, Daniel Singleton was convicted by a Harrison County Circuit Court jury of attempted armed robbery and sentenced to thirty-five years in the custody of the Mississippi Department of Corrections (MDOC). He is currently incarcerated at the South Mississippi Correctional Institution (SMCI) in Greene County.

¶2. On December 7, 2015, Singleton filed a request through the MDOC's Administrative Remedy Program (ARP), alleging he was entitled to 206 days (later amended to 157 days) of pretrial credit for time served in a Louisiana jail. Singleton claimed that after he was

arrested in Mississippi for attempted armed robbery, he was transported to Louisiana, waiving extradition. The MDOC rejected Singleton's request as untimely, noting the "[i]ncident happened in 1984 and was received in this office on 2/11/2016." Singleton filed a "petition seeking writ of habeas corpus" with the Harrison County Circuit Court on March 10, 2016, appealing the denial of his complaint by the MDOC.[1] *See* Miss. Code Ann. § 47-5-807 (Rev. 2015) (providing an offender aggrieved by an adverse ARP decision has thirty days to seek judicial review). The petition was transferred to Greene County Circuit Court, the county where Singleton is incarcerated.[2] The circuit court affirmed the MDOC's decision on July 5, 2016, finding that Singleton's grievance was untimely, as he "waited over thirty-two (32) years before filing[.]"

¶3. Although we find the circuit court erred in affirming the MDOC's decision that Singleton's claim was untimely, we affirm the court's dismissal of the petition as the claim is without merit. "It is well[ ]established that this Court will affirm the action of the trial court when the right result is reached, even if for an incorrect reason." *Stanley v. Turner*, 846 So. 2d 279, 282 (¶12) (Miss. Ct. App. 2003).

## DISCUSSION

---

[1] The State does not dispute that Singleton exhausted his administrative remedies.

[2] "In applying [Mississippi Code Annotated] section 11-11-3 [(Rev. 2004)] to a prisoner's appeal of an MDOC decision or policy, this Court has repeatedly held that such appeals 'must be made in the circuit court of the county where the prisoner resides.'" *Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2017) (quoting *Hearron v. Miss. Dep't of Corr.*, 166 So. 3d 53, 55-56 (¶8) (Miss. Ct. App. 2015)). Since Singleton's petition is an appeal of his ARP decision, venue is proper in Greene County, where he is incarcerated.

¶4. The record shows that on October 28, 1983, Harrison County issued an arrest warrant for Singleton for attempted armed robbery. On November 23, 1983, the Acadia Parish Sheriff's Department in Louisiana informed the Harrison County Sheriff's Department that it had Singleton in custody on a charge of being a convicted felon with a firearm and he would, therefore, be unable to attend his court date. Singleton claims that he should be awarded pretrial credit for the 157 days he spent in jail in Louisiana.[3]

¶5. The MDOC determined that Singleton's claim was untimely, and the circuit court affirmed the decision. MDOC Grievance Procedures state that an ARP "first step" letter "will be written to the ARP Director within 30 days of an alleged event." The ARP Director does have discretion, however, to waive this requirement "if circumstances warrant." Were Singleton disputing the accrual of his trusty time or an MDOC disciplinary action, we would agree with the MDOC's determination. However, Singleton's claim addresses the computation of his sentence, which if meritorious, could result in his being held in unlawful custody after his sentence has expired.[4] In the similar context of a post-conviction-relief case, a movant's claim "[t]hat his sentence has expired; his probation, parole or conditional release [was] unlawfully revoked; or he is otherwise unlawfully held in custody" is an exception to the procedural time-bar. Miss. Code Ann. § 99-39-5(1)(h) (Rev. 2015). There

---

[3] Singleton did receive credit for fifty-three days he spent in Mississippi custody from April 8, 1984, through May 31, 1984, prior to his conviction.

[4] To argue against the timeliness issue, Singleton claims in his brief that the failure to give him credit for the days he spent in Louisiana custody subjected him to an "illegal sentence." But the essence of his argument is actually that the failure to credit him with those 157 days would result in his eventually being detained after his sentence had lawfully expired.

is no reason why Singleton's claim should be summarily dismissed as time-barred, particularly when the MDOC's procedural thirty-day requirement is discretionary in nature.[5]

¶6.     Regardless, we find no merit to Singleton's argument. Mississippi Code Annotated section 99-19-23 (Rev. 2015) provides:

> The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.

The Mississippi Supreme Court has held that "section 99-19-23 has no application to time served in another state while an accused is awaiting return to this State to face criminal charges." *Holland v. State*, 418 So. 2d 73, 74 (Miss. 1982). "[T]o hold otherwise would encourage an accused to . . . seek refuge in a state or locality of his own choosing, and fight extradition[.]" *Id.* Moreover, in *Stanley v. State*, 850 So. 2d 154, 157 (¶12) (Miss. Ct. App. 2003), this Court clarified "that a prisoner actually serving time for another conviction is not, within the meaning of [s]ection 99-19-23, being held to await trial." Therefore, a defendant is "not entitled to credit for time served" while incarcerated in another state for a crime committed there, "even though there were criminal charges pending against him in this state" during the period of his confinement. Singleton was incarcerated in Louisiana, charged with possession of a firearm by a convicted felon. The record does not reflect that he was under

---

[5] We note Louisiana has provided an exception to its ninety-day requirement "between the event and the initial request" in its prison-administrative-remedy procedures for "time computation issues, ADA and PREA issues, [and] on-going medical issues." *Redd v. Wilkinson*, No. 1:12-CV-01534, 2015 WL 52211, *3 (W.D. La. Jan. 2, 2015) (quoting 22 La. ADC Pt. 1, § 325(I)(1)(a)(ii)(I)).

Mississippi jurisdiction at that time. *See Taylor v. State*, 726 So. 2d 227, 228 (¶8) (Miss. Ct. App. 1998) (finding defendant was not entitled to credit for time spent "serving the rest of his original Louisiana conviction or being held on the two additional Louisiana charges pending against him").

¶7.     Accordingly, while we find Singleton's claim should not have been summarily dismissed due to untimeliness, we affirm the circuit court's dismissal of Singleton's petition, as his claim lacked merit.

¶8.     **AFFIRMED.**

     **LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**