# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01822-COA

JOHN McMANUS                                                              APPELLANT

v.

STATE OF MISSISSIPPI                                                       APPELLEE

DATE OF JUDGMENT:                    09/16/2019
TRIAL JUDGE:                         HON. LEE SORRELS COLEMAN
COURT FROM WHICH APPEALED:           LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              JOHN McMANUS (PRO SE)
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                         VACATED AND REMANDED - 01/12/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     John McManus is currently in the custody of the Mississippi Department of Corrections (MDOC). He filed a request through the MDOC's Administrative Remedy Program (ARP), alleging that in the computation of his sentences from the Lowndes County Circuit Court, he should have received credit for time served incarcerated in another county while awaiting trial. After the MDOC denied his request, he filed a motion for "[j]udicial [r]eview" of the MDOC's decision in the Lowndes County Circuit Court on August 28, 2019.[1] The circuit court denied McManus's motion, treating it as a motion for post-

---

[1] Unless otherwise specified, "circuit court" refers to the Lowndes County Circuit Court.

conviction relief (PCR). Because the motion was one for judicial review of an MDOC decision, which is to be filed in the county where the prisoner is incarcerated, we find that the circuit court did not have jurisdiction to consider McManus's motion. Therefore, we vacate and remand for the circuit court to transfer McManus's motion for judicial review to Sunflower County, where he was incarcerated when he filed his ARP request.[2]

**FACTS AND PROCEDURAL HISTORY**

¶2. On April 26, 2016, a Lowndes County grand jury indicted McManus of possession of methamphetamine in an amount greater than 0.1 gram but less than 2 grams (Cause No. 2016-151-CRIC). The indictment noted that McManus had previously been convicted of manslaughter in 1996, as well as possession of contraband in a correctional facility. Subsequently, on November 4, 2016, McManus was indicted on two counts of uttering a forgery in Lowndes County in Cause No. 2016-404-CRIC.

¶3. On May 25, 2018, McManus entered a guilty plea with the circuit court to the possession charge, Cause No. 2016-151-CRIC, and one count of uttering a forgery greater than $1,000 but less than $5,000 in Cause No. 2016-404-CRIC.[3] For the forgery, the circuit court sentenced McManus to five years in custody, with four years to be suspended

---

[2] Although the State notes McManus is currently incarcerated in Carroll County, the record indicates that when he filed his ARP request, he was incarcerated at the Mississippi State Penitentiary located in Sunflower County.

[3] Count 2 was retired to the files. The State also elected not to charge McManus as a habitual offender on Count 1and agreed to retire two counts from the Clay County Circuit Court for false pretense and uttering of a forgery.

conditioned on the terms of post-release supervision, and "a fine in the amount of $1,200, plus all costs, and restitution in the amount of the check that was the subject of that matter." For the possession-of-methamphetamine conviction, the court sentenced him as a habitual offender, *see* Miss. Code Ann. § 99-19-81 (Rev. 2015), to serve three years in the custody of the MDOC without eligibility for parole or probation. The sentence for possession was ordered to run consecutively to the one-year term to be served in custody in Cause No. 2016-404-CRIC.

¶4. In 2019, while in custody at the Mississippi State Penitentiary serving sentences for three Lee County convictions, McManus filed a request through the MDOC's ARP. Specifically, with regard to his Lowndes County sentences, he sought credit for five-hundred and fifteen (515) days of incarceration served at the Clay County jail. The first-step ARP response form noted that the May 2018 order from Lowndes County did not award McManus credit for the time he spent in jail. The second-step ARP response form, dated August 8, 2019, stated, "You have already been credited 515 jail time days. This includes the timeframe that you are requesting[,] which you served prior to your sentencing date of 8/14/2017."[4]

¶5. On August 28, 2019, McManus filed a motion for "[j]udicial [r]eview" with the circuit court, claiming that the MDOC had wrongfully denied him relief through the ARP. Treating

---

[4] The MDOC may have been referring to credit given for McManus's Lee County convictions and sentences. The Lee County Circuit Court's order is not, however, in the record.

the motion as one for PCR, the circuit court denied McManus's requested relief. Citing *Stanley v. State*, 850 So. 2d 154 (Miss. Ct. App. 2003), the circuit court held that it "was unable to comply with the [p]etitioner's request as to his time spent incarcerated in another district." The court further found "that pursuant to *Welch v. Epps*, 158 So. [3]d 360 [(Miss. Ct. App. 2015),] it cannot credit time towards a sentence for a parole violation."

## DISCUSSION

¶6.     McManus claims that the circuit court erred in denying his motion and that he should have been given credit for his time served in the Clay County jail toward his sentences in Lowndes County. The court record contains no evidence of this alleged time served in Clay County; McManus has only attached to his brief a "Jail Time Report" from the MDOC, stating that from June 8, 2016, to November 16, 2016, and from November 21, 2016, to January 3, 2018, he was incarcerated in a Clay County, Mississippi jail on charges of uttering a forgery in Cause No. 2016-112. He also attached an August 14, 2017 order from the Lee County Circuit Court not contained in the court record. As this Court held in *Davis v. State*, 243 So. 3d 222, 239 (¶76) (Miss. Ct. App. 2017), documents attached to a pro se brief "are not part of the record in the circuit court or the record on appeal" and, as such, "cannot be considered on direct appeal."

¶7.     Regardless, the county in which to appeal the MDOC's decision was not Lowndes County, but Sunflower County, where McManus was incarcerated at the time he requested relief through the ARP. *See Singleton v. Banks*, 239 So. 3d 1088, 1089 n.2 (Miss. Ct. App.

4

2017) ("In applying Mississippi Code Annotated section 11-11-3 (Rev. 2004) to a prisoner's appeal of an MDOC decision or policy, this Court has repeatedly held that such appeals 'must be made in the circuit court of the county where the prisoner resides.'" (quoting *Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2017))). Because McManus filed the motion in Lowndes County, the circuit court treated the motion as one for PCR.

¶8.     Although the State acknowledges that an appeal of an ARP decision should have been brought in the county where McManus was incarcerated, it nevertheless contends the circuit court properly treated the motion as one for PCR. We disagree. As this Court has repeatedly held, "a PCR motion is not a proper vehicle for challenging MDOC's denial of credit for time served." *Easterling v. State*, 283 So. 3d 1198, 1200 (¶4) (Miss. Ct. App. 2019). In *Easterling*, we further noted that had the prisoner in that case "filed a petition for judicial review of an ARP decision, the case could have been transferred to the proper venue." *Id*. at 1200 n.2 (citing *Roberts*, 219 So. 2d at 590-91 (¶¶8-10)). Because it is evident that McManus was requesting judicial review of the MDOC's decision, we find the appropriate remedy in this instance is to vacate the circuit court's order and remand for the court to transfer McManus's motion to the Sunflower County Circuit Court for further review.

¶9.     **VACATED AND REMANDED.**

    **CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**