PAYNE, J.,
for the Court:
PROCEDURAL POSTURE
¶ 1. David Lee Rice was convicted of auto burglary and sentenced as a habitual offender to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. Rice’s motion for a directed verdict and his extraordinary motion for a new trial were denied. Rice appeals his conviction and sentence challenging the sufficiency and weight of the evidence, one jury instruction, the trial court’s ruling regarding a statement made in closing argument, and *1241 excessive punishment. On initial consideration of Rice’s appeal, we were unable to determine, based on the record we had before us, how the trial court reached its determination regarding the extraordinary motion for new trial. Consequently, we remanded this matter to the trial court ordering the trial judge to make specific findings of fact and conclusions of law as to his decision to overrule the appellant’s extraordinary motion for new trial. Having received the trial court’s findings of fact and conclusions of law in this regard, and upon reviewing the entire record and applicable precedents, we find no error, and we affirm the conviction and sentence in this matter.
FACTS
¶ 2. On May 3, 1995, Robert Evans discovered that someone had tried to remove the radio from his van which was parked in his mother-in-law’s driveway. After further inspection, Evans found a nail gun, two circular saws, a jigsaw, a battery charger, and a flashlight to be missing from the van. Evans estimated these tools to have an aggregate value of $2,100. Evans testified that his van had been locked and when asked if he could tell how the burglar or burglars had gained entry, Evans stated that “[t]he vent glass that’s right beside the main window on the driver’s side, they stuck some type of sharp object in and knocked that little latch up and could get the little glass open and reach in and pull the handle and release the lock.”
¶ 3. The State presented the testimony of Officer Earnest Gilson who responded to the burglary dispatch. Gilson stated that he dusted the outside of the van for fingerprints and was able to lift a palm print which was later determined to match the palm print of David Lee Rice.
¶ 4. The State also presented the testimony of Dexter Moore. Moore testified that on the night in question, Rice and James Knight flagged him and Sam Kimbrough down and asked for a ride to Redmon’s Grocery in Moorhead. Moore testified further that when they arrived at Redmon’s Grocery, Knight and Rice entered the store where it was later established that the tools were sold.
¶ 5. Following the State’s case, Rice moved for a directed verdict which was denied. Rice presented no evidence in his own behalf, and the jury subsequently returned a verdict of guilty of auto burglary. Subsequent to the trial of this matter, Rice filed an extraordinary motion for a new trial asserting that the prosecution had failed to turn over to the defense a statement made by Knight to the police in which Knight admitted to the auto burglary and stated that Rice had nothing to do with the crime. The trial court, without an evidentiary hearing, denied this motion.
¶ 6. Feeling aggrieved by the verdict, Rice filed this appeal asserting the following six issues:
I. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING RICE’S MOTION FOR A DIRECTED VERDICT.
II. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING JURY INSTRUCTION D-12.
III. WHETHER THE TRIAL COURT ERRED IN SUSTAINING THE PROSECUTION’S OBJECTION TO DEFENSE COUNSEL’S STATEMENT DURING CLOSING ARGUMENT THAT THE BURDEN OF PROOF IN A CIRCUMSTANTIAL EVIDENCE CASE CARRIES A HIGHER BURDEN OF PROOF.
IV. WHETHER THE JURY’S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
V. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING RICE’S EXTRAORDINARY MOTION FOR A NEW TRIAL.
VI. WHETHER THE SENTENCE RECEIVED BY RICE WAS CRUEL AND UNUSUAL IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
¶ 7. After initial review of Rice’s appeal, this Court remanded this matter to the trial court for specific findings of fact and conclusions of law regarding Rice’s extraordinary motion for new trial. The trial court, having complied with our order, has now provided us with the information requested. After care *1242 ful review of all of the evidence in this matter, we now affirm in all respects.
ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING RICE’S MOTION FOR A DIRECTED VERDICT.
II. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING JURY INSTRUCTION D-12.
¶ 8. Rice’s assignments of error I (denial of directed verdict motion) and II (failure to grant a peremptory instruction) substantially relate to sufficiency of the evidence and are disposed of here. Rice argues that the evidence presented by the State was insufficient to support a verdict of guilty for auto burglary. Rice contends that the case was entirely circumstantial and that the only evidence ■ presented by the State that connects Rice with the burglary was the fact that Rice’s palm print was found on the outside of the van and the fact that Rice was with James Knight who was allegedly in possession of the stolen tools from the van. Rice argues that the palm print could have been placed on the van at any time in a two week period between the time the van had last been washed and the time of the burglary. Rice points out that no other fingerprints were taken from either the inside of the van or the recovered tools. Rice argues further that the State’s own witnesses testified that Rice was not in possession of the tools and was not involved in the transaction between Grossly and Knight in which the tools were allegedly sold for $130. Rice contends that the State failed to prove his guilt beyond a reasonable doubt and certainly did not meet the burden of proof required in a circumstantial evidence case of proving guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. We disagree.
¶ 9. A challenge to the sufficiency of the evidence requires consideration of the evidence before the court when made, so that this Court must review the ruling on the last occasion when the challenge was made at the trial level. McClain v. State, 625 So.2d 774, 778 (Miss.1993). This occurred when the trial court denied Rice a peremptory instruction. The Mississippi Supreme Court has stated, in reviewing a challenge to the sufficiency of the evidence, that the standard of review shall be:
[T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [Rice’s] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Id. (citations omitted).
¶ 10. Further, as Rice correctly points out and as the trial court so instructed, this case is circumstantial; therefore, the prosecution had to prove ■ Rice’s guilt beyond a reasonable doubt and “to the exclusion of every reasonable hypothesis other than that of guilt.” Stringfellow v. State, 595 So.2d 1320, 1322 (Miss.1992). Based on the evidence as we read it, the prosecution succeeded in this regard. While Rice argues that the prosecution’s proof consisted only of Rice’s palm print on the outside of the van and eyewitness testimony that Rice was with Knight who was allegedly in possession of the stolen items, he fails to note the proximity of time of the events. Rice was seen with Knight on the day the auto burglary was reported and went with Knight to Redmon’s Grocery where the stolen items were sold.
¶ 11. Of additional import is Kenneth Winter’s testimony regarding the palm print analysis. Winter indicated that various factors'could contribute to the deterioration of print evidence. While the owner of the van testified that he had not washed the van in a couple of weeks, Winter’s testimony regarding deterioration suggests that the print left on the van was relatively new given the quality of the print and his ability to make a match to Rice’s known print. Further, the *1243 owner of the van testified that he did not know Rice nor had he granted anyone permission to take the tools. The vehicle was locked when the owner left it on the day before the burglary, and the driver’s door was unlocked the next morning. Therefore, it was reasonable to conclude that the point of entry was on the driver’s side of the vehicle. We find this evidence to be sufficient. Rice’s palm print was found on the outside of the van below the vent window where the owner testified the entry was gained. Rice was with Knight on the day of and at the location of the sale of the stolen merchandise. While the palm print, alone, would be insufficient for a conviction to stand, the palm print, coupled with the forensic testimony and the time proximity of the relevant events, established sufficient evidence for the trial court to deny the directed verdict and the peremptory instruction. See Wooten v. State, 513 So.2d 1251, 1252 (Miss.1987).
¶ 12. Here, the prosecution had to prove two essential elements: (1) unlawful breaking and entering of the vehicle and (2) the intent to commit some crime once entry had been gained. See M.C.A. § 97-17-33 (Rev.1994). We find that the prosecution provided evidence sufficient that a reasonable jury could determine that Rice did commit the auto burglary. Accordingly, the trial court did not err in denying Rice’s challenges to the sufficiency of the evidence.
III. WHETHER THE TRIAL COURT ERRED IN SUSTAINING THE PROSECUTION’S OBJECTION TO DEFENSE COUNSEL’S STATEMENT DURING CLOSING ARGUMENT THAT THE BURDEN OF PROOF IN A CIRCUMSTANTIAL EVIDENCE CASE CARRIES A HIGHER BURDEN OF PROOF.
¶ 13. Next, Rice argues that the trial court erred in sustaining the prosecutor’s objection to a portion of the closing argument presented by his attorney regarding the burden of proof in a circumstantial evidence case. The pertinent part of the closing argument follows:
By Rice’s Counsel: Now, reasonable — beyond reasonable doubt — this is a circumstantial case. You heard the judge read the instruction to you. I want you to please read those carefully. Now, it’s beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. When we started off this morning, it was beyond a reasonable doubt. Circumstantial is something we added to it now. Beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. We got a higher duty now.
By the Prosecutor: Your Honor, I object to that. It’s not a higher duty. It’s an incorrect statement of the law.
By the Court: Sustained.
¶ 14. The Mississippi Supreme Court has recognized that there is arguably a stricter burden of proof placed upon the prosecution in a circumstantial evidence case. See Montgomery v. State, 515 So.2d 845, 848 (Miss.1987); Flanagin v. State, 473 So.2d 482, 485 (Miss.1985). While the burden may be stricter, it is not higher. The trial court clearly defined the prosecutor’s burden of proof in the jury instructions. The instruction was plain and clear and could not have left any rational member of the jury to think that the prosecutor’s burden was less than beyond a reasonable doubt to the exclusion of every reasonable hypothesis consistent with innocence. Thus, the trial court’s sustaining of the prosecutor’s objection to Rice’s counsel’s comment was appropriate and not error.
IV. WHETHER THE JURY’S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 15. Rice argues that the jury verdict was against the overwhelming weight of the evidence. We disagree. It is well established that matters regarding the weight of evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss.1984). As such, our scope of review is limited in considering challenges to the weight of the evidence. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court *1244 has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice. Eakes v. State, 665 So.2d 852, 872 (Miss.1995); Flowers v. State, 601 So.2d 828, 833 (Miss.1992); McFee v. State, 511 So.2d 130, 133-34 (Miss.1987). Here, based on our review of the record, we cannot say that the evidence was such that a reasonable and fair-minded jury could have only acquitted Rice of auto burglary. Further, we cannot say that the evidence was such that allowing a conviction to stand on this evidence would result in an unconscionable injustice. Thus, there is no error in this regard.
V. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING RICE’S EXTRAORDINARY MOTION FOR A NEW TRIAL.
¶ 16. Fifth, Rice asserts error in the trial court’s denial of his extraordinary motion for a new trial. Upon review of the trial court’s findings of fact and conclusions of law in this regard, we find no error and overrule Rice’s assignment of error on this point.
¶ 17. In this case, Rice claims that newly discovered evidence, in the form of a sworn affidavit by James Knight asserting that Rice was not in any way involved in the crime, warranted a new trial in his case. In effect, Rice is claiming a Brady[1] violation in that the prosecution did not provide Rice with the exculpatory statement of Knight. In its findings of fact and conclusions of law provided on remand of this issue, the trial court establishes that Rice’s initial counsel, Jimmy Sherman, was given the prosecution’s entire file for purposes of discovery, including the statement made by Rice to Indianola Police Detective Harkness. Subsequently, Sherman was dismissed as Rice’s counsel and Leman Gandy was appointed. According to the prosecutor, when Gandy’s motion to produce was received by the prosecution, Gandy was informed that the entire file was available from Sherman or Gandy was given the option of recopying the prosecutor’s file.
¶ 18. The prosecutor produced for the trial court her notes from the morning of the trial when she interviewed Knight, and the trial judge found no indication that Knight made an exculpatory statement in Rice’s favor that morning. Further, the prosecutor does not recall such a statement and maintains that it is not her policy to withhold exculpatory information from criminal defendants. Additionally, the trial judge found that at a guilty plea hearing for Knight some four months earlier flowing from this same crime, Knight affirmed that he and Rice were the perpetrators of this crime.
¶ 19. The Mississippi Supreme Court has held with regard to exculpatory evidence:
To determine whether the non-disclosure or non-production requires reversal, this Court must decide whether “the omitted evidence creates a reasonable doubt [as to the accused’s guilt] that did not otherwise exist.” If the omitted evidence, when considered in light of the entire record creates a reasonable doubt as to his guilt, the evidence must be produced. But, if there is no reasonable doubt about the accused’s guilt, a new trial is not warranted.
Boches v. State, 506 So.2d 254, 263 (Miss.1987) (quoting Scott v. State, 359 So.2d at 1361, 1362 (Miss.1978)).
In his findings of fact and conclusions of law, the trial judge determined that the evidence presented at the evidentiary hearing in this case on remand would not have likely produced a different result at trial.
¶ 20. This Court will not overrule a decision of a trial court in granting or denying a new trial based on newly discovered evidence unless there was a abuse of discretion. See Williams v. State, 669 So.2d 44, 52 (Miss.1996); Ellis v. State, 661 So.2d 177, 181 (Miss.1995); Ormond v. State, 599 So.2d 951, 962 (Miss.1992). We are satisfied that the trial judge did not abuse his discretion in his denial of Rice’s extraordinary motion for new trial. Accordingly, we overrule Rice’s assignment of error in this regard.
VI. WHETHER THE SENTENCE RECEIVED BY RICE WAS CRUEL AND *1245 UNUSUAL IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
¶ 21. Finally, Rice asserts, without any substantial interpretative authority, that the sentence imposed in this case was cruel and unusual punishment because it was excessive. This claim is clearly without merit. It is well settled “that for crimes con-cededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative.” Rummel v. Estelle, 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Furthermore, “when sentences are within the limits of the statute, the imposition of such sentences is within the sound discretion of the trial court_” Presley v. State, 474 So.2d 612, 620 (Miss.1985); see also Boyington v. State, 389 So.2d 485, 491 (Miss.1980). In this case, the sentence imposed was within the statutory limits and is appropriate.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY OF CONVICTION OF AUTO BURGLARY AND SENTENCE OF LIFE WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO SUNFLOWER COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, and SOUTHWICK, JJ., concur.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In that case, the U.S. Supreme Court held that exculpatory evidence in the possession of the prosecution must be turned over to the defendant.