# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CP-01919-SCT

*DAVID LEE RICE a/k/a DAVID L. RICE a/k/a
DAVID RICE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/2012 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| TRIAL COURT ATTORNEYS: | DAVID LEE RICE, PRO SE |
| | JACQUELINE SMITH |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID LEE RICE (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA L. BLOUNT |
| | JOHN R. HENRY, JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/20/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     David Lee Rice filed a petition for post-conviction relief in the Sunflower County
Circuit Court, arguing that he had been improperly sentenced to life without parole as a
habitual offender after a 1996 conviction for auto burglary. Rice now appeals the denial of
his petition, claiming (1) that the trial court erred in finding that he had been properly
sentenced as a habitual offender, (2) that the trial judge abused his discretion in failing to

recuse himself from considering the post-conviction petition, and (3) that his sentence is unconstitutionally disproportionate to the crime. Finding Rice's arguments to be without merit, we affirm the judgment of the trial court.

**FACTS**

¶2. On December 18, 1995, a Sunflower County grand jury indicted Rice for burglary of an automobile in Cause No. 95-0269 ("Cause 4"). At the time of his indictment in Cause 4, Rice had three prior felony convictions on his criminal record. Rice was convicted of robbery in Cause No. 9231 ("Cause 1") in 1985. Rice was convicted of burglary of a dwelling in Cause No. 9717 ("Cause 2") in 1989. Rice pleaded guilty to burglary of a dwelling in Cause No. 10,103 ("Cause 3") in 1991. On February 6, 1996, the State moved to amend Rice's indictment to charge him as a habitual offender pursuant to Section 99-19-83 of the Mississippi Code. The trial court granted the State's motion on February 24, 1996, and Rice's indictment was amended to include a habitual-offender charge.

¶3. After a jury trial in Cause 4 on June 14, 1996, Rice was found guilty of auto burglary. Because Rice was charged as a habitual offender, the trial court held a separate hearing to determine his sentence. At the hearing, the State presented evidence of Rice's convictions and sentences in Cause 1 and Cause 3.[1] Ann Evans, a records supervisor for the Mississippi Department of Corrections (MDOC), testified that Rice had served one year and 315 days in prison in Cause 1. When asked whether Rice had served more than one year of his sentence in Cause 3, Evans responded, "Yes, he did."

---

[1]The State did not include Rice's conviction in Cause 2 in the habitual-offender portion of Rice's indictment.

¶4. On June 19, 1996, the trial court issued an order in Cause 4, sentencing Rice to life without parole as a habitual offender pursuant to Section 99-19-83. Rice then appealed his conviction and sentence, and the case was assigned to the Court of Appeals. *Rice v. State*, 723 So. 2d 1239 (Miss. Ct. App. 1998). The Court of Appeals unanimously affirmed Rice's conviction and sentence. Relevant to the instant case, the Court of Appeals held that Rice's sentence did not constitute cruel and unusual punishment because it was within the limits set by the habitual-offender statute. *Id*. at 1245.

¶5. On June 19, 2012, Rice filed his second[2] petition for post-conviction relief, alleging for the first time that the trial court in Cause 4 had erred in sentencing him as a habitual offender. Specifically, Rice argued that the State had failed to prove that he had served at least one year in MDOC custody in Cause 3. This Court granted Rice leave to proceed with his petition in the trial court, limiting the issue to whether Rice actually had served one year or more of his sentence in Cause 3.

¶6. At the hearing on Rice's petition, the State introduced Rice's "pen packs"[3] for each of his prior convictions into evidence. Gloria Gibbs, a records supervisor for MDOC, testified that Rice was serving probation in Cause 2 when he was arrested in Cause 3. The

---

[2]Rice filed his first petition for post-conviction relief in 2005 to challenge the validity of his sentence in Cause 3. *Rice v. State*, 910 So. 2d 1163, 1165 (Miss. Ct. App. 2005). Rice asserted that the trial court lacked the authority to order his sentence in Cause 3 to run concurrently with his sentence in Cause 2, which had been imposed during a previous court term. *Id.* The Court of Appeals found that Rice was procedurally barred from seeking post-conviction relief because his petition was time-barred, and because his sentence for Cause 3 had expired. *Id.* at 1166-67. In addition, the court found that Rice's bare allegation of an illegal sentence was not supported by the record. *Id.*

[3]A "pen pack" is a collection of inmate records maintained by MDOC. *See Galloway v. State*, 122 So. 3d 614, 698 n.7 (Miss. 2013) (citations omitted).

trial court then revoked Rice's probation in Cause 2, and he began serving his sentence in MDOC custody. Later, when Rice was convicted in Cause 3, the trial court ordered his sentence in Cause 3 to run concurrently with the sentence he was presently serving in Cause 2. Therefore, Gibbs explained, MDOC calculated Rice's time served in Cause 3 beginning on the day he was incarcerated in Cause 2. Based on this procedure, Gibbs testified that Rice had served one year and 305 days of his sentence in Cause 3.

¶7. On December 11, 2012, the trial court issued an order denying Rice's petition for post-conviction relief, finding that the State had proved that he actually had served one year or more of his sentences for Cause 1 and Cause 3. Rice now appeals, raising the following issues:

> **I.** **Whether the trial court erred in finding that Rice had served one year or more of his sentence in Cause 3.**
>
> **II.** **Whether the trial judge abused his discretion in failing to recuse himself from considering Rice's petition for post-conviction relief.**
>
> **III.** **Whether Rice's sentence is unconstitutionally disproportionate to the crime.**

## STANDARD OF REVIEW

¶8. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." *Brown v. State*, 731So. 2d 595, 598 (Miss. 1999) (citing *Bank of Miss. v. Southern Mem'l Park, Inc.*, 677 So. 2d 186, 191 (Miss. 1996)).

## DISCUSSION

4

**I.      Whether the trial court erred in finding that Rice had served one year or more of his sentence in Cause 3.**

¶9.      Under Section 99-19-83 of the Mississippi Code, "the State must prove that a defendant has not only been at least twice previously convicted but that he has been sentenced to *and has served separate terms of one (1) year or more* in any state and/or federal penal institution." ***Bogard v. State***, 624 So. 2d 1313, 1320 (Miss. 1993) (emphasis in original). The State must prove these elements beyond a reasonable doubt. ***Davis v. State***, 680 So. 2d 848, 851 (Miss. 1996). An individual sentenced under Section 99-19-83 "shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Miss. Code Ann. § 99-19-83 (Rev. 2007).

¶10.    At Rice's sentencing hearing in Cause 4, the State relied on Rice's prior convictions in Cause 1 and Cause 3 to charge Rice as a habitual offender under Section 99-19-83. Rice does not challenge the State's use of his conviction for robbery in Cause 1, nor does he challenge the characterization of robbery in Cause 1 as "a crime of violence." Rather, Rice argues that he spent only approximately four months in jail after his conviction in Cause 3, and that the trial court erred in counting his preconviction jail time toward his time served in that cause.

¶11.    This Court has held that a defendant's preconviction jail time is included in the calculation of his time served toward a sentence for the purposes of Section 99-19-83. ***Feazell v. State***, 761 So. 2d 140, 142 (Miss. 2000). In ***Feazell***, the defendant was convicted of multiple crimes and was sentenced to life without parole as a habitual offender. ***Id.*** at 141.

5

On appeal, the defendant challenged his eligibility for habitual-offender sentencing, claiming he had not yet served more than a year for his most recent prior conviction when he was indicted in the present case. *Id.* at 142. The defendant argued that he did not come into MDOC custody until he was convicted of his second felony. *Id.* The State, on the other hand, argued that the defendant's service time began when he was arrested and jailed on the second offense, pending trial. *Id.* This Court recognized that Section 99-19-23 of the Mississippi Code requires preconviction jail time to be credited toward time served on a prisoner's sentence. *Id.* Section 99-19-23 provides:

> The number of days spent by a prisoner in incarceration in any municipal or county jail *while awaiting trial on a criminal charge*, or awaiting appeal to a higher court upon conviction, *shall* be applied on any sentence rendered by a court of law or on any sentence set after all avenues of appeal are exhausted.

Miss. Code Ann. § 99-19-23 (Rev. 2007) (emphasis added). This Court reasoned that, by enacting Section 99-19-23, the Legislature clearly intended that the law treat preconviction and postconviction incarceration the same for determining time served. *Feazell*, 761 So. 2d at 142. Therefore, this Court held, "since a convict is entitled to full credit toward service of his sentence for the time he was jailed prior to trial, that time, logically, should also count as time served for purposes of [Section] 99-19-83." *Id*. This Court affirmed the defendant's sentence, finding that he had served more than one year on his second conviction from the time of his arrest to the time he was indicted for his third offense. *Id.* at 143.

¶12. Relying on this Court's holding in *Feazell*, the State asserts that Rice served one year and 305 days of his sentence in Cause 3. According to the State, Rice's incarceration in Cause 3 ran from his initial arrest on December 29, 1989, until July 18, 1991, when he was

6

released on parole, and again from April 23, 1992, when his parole was revoked, until July 2, 1992, the date of his final discharge. The trial court agreed with the State's calculation and counted the entire period of Rice's preconviction incarceration in Cause 3 as time served in that cause. The trial court reasoned that "since Rice was entitled to credit towards his sentence in [Cause 3] for the time he was incarcerated in [Cause 2], and received the benefit of having said time counted in his favor, therefore that time should be counted as time served for purposes of § 99-19-83." The trial court also based its ruling on the fact that Rice's sentence in Cause 3 was ordered to run concurrently with his sentence in Cause 2, finding that each day Rice served in Cause 2 would also count as time served in Cause 3.

¶13.    Rice argues that the period between January 19, 1990, and June 12, 1991, during which he was awaiting resolution of the charges against him in Cause 3, should not count as time served in Cause 3 because he was actually serving his sentence in Cause 2 during that time.[4] While this Court has not squarely addressed Rice's argument, the Court of Appeals has held that Section 99-19-23 of the Mississippi Code, which allows a prisoner to receive credit toward time served for preconviction jail time, does not apply to a prisoner who is

---

[4]Rice was initially sentenced on February 11, 1988, to a three-year suspended sentence with three years of probation in Cause 2. On or about December 29, 1989, while serving probation in Cause 2, Rice was arrested for burglary in Cause 3. On January 19, 1990, the Sunflower County Circuit Court revoked Rice's suspended sentence in Cause 2 due to his violation of probation. On January 22, 1990, Rice was indicted in Cause 3. Accordingly, between January 22, 1990, and June 12, 1991, Rice was both serving his sentence in Cause 2 and awaiting resolution of charges against him in Cause 3. After June 12, 1991, Rice was serving his sentence in both causes. Rice's pen packs in Cause 2 and Cause 3 indicate that he was given twenty-one days' credit for time served in those causes for the time period between his arrest in Cause 3 and the revocation of his suspended sentence in Cause 2.

actually serving a sentence for a prior conviction while awaiting trial on another charge. *Stanley v. State*, 850 So. 2d 154, 156 (Miss. Ct. App. 2003). In *Stanley*, the defendant was arrested for a crime in Mississippi and then transferred to Alabama to await trial on charges of a crime committed there. *Id.* at 155. The defendant was convicted and sentenced to life imprisonment for the Alabama crime. *Id.* Several years later, the defendant was paroled by Alabama and was returned to Mississippi, where he was convicted and sentenced to fifteen years' imprisonment for the Mississippi crime. *Id.* The defendant filed a petition for post-conviction relief, claiming that, under Section 99-19-23, he was entitled to receive credit toward his Mississippi sentence for the time he had spent imprisoned in Alabama, since he was continuously incarcerated from his arrest to his conviction for the Mississippi crime. *Id.* The Court of Appeals rejected the defendant's argument, finding that his reliance on Section 99-19-23 was misplaced. *Id*. at 156. The court reasoned that the purpose of Section 99-19-23 is to ensure that a person who, for some reason, cannot obtain release on bail prior to trial, is credited for that period of incarceration if ultimately convicted. *Id*. That statute does not, however, require the courts to allow credit toward one sentence for confinement on another sentence already being served. *Id.* at 157. The Court of Appeals held that "a prisoner actually serving time for another conviction is not, within the meaning of Section 99-19-23, being held to await trial." *Id.*

¶14. Under our holding in *Feazell*, the Court of Appeals' reasoning in *Stanley* applies equally to the calculation of time served for the purposes of Section 99-19-23 and Section 99-19-83. Thus, if Rice is not entitled to have his preconviction jail time in Cause 3 credited as time served in that cause, then the State cannot count that same time against Rice for the

8

purposes of sentencing him as a habitual offender in a subsequent case. However, we find that this case is distinguishable from *Stanley* because Rice's sentences in Cause 2 and Cause 3 were ordered to run concurrently.

¶15. This Court has held that "serving one year or more on concurrent sentences imposed for separate convictions arising out of separate incidents at different times amounts to serving more than one year on each sentence" for the purposes of Section 99-19-83. *Bogard*, 624 So. 2d at 1321. Therefore, each day served on Rice's sentence in Cause 2 would also count as time served in Cause 3. Gloria Gibbs explained that it was MDOC's policy to calculate concurrent sentences by beginning with the first date of incarceration for the first cause. Because Rice's sentence in Cause 3 was ordered to run concurrently with his sentence in Cause 2, which he was already serving, Gibbs testified that MDOC began calculating his sentences for both causes on January 19, 1990 – the day his probation was revoked and he was first incarcerated in Cause 2. The one year and 145 days Rice served toward his sentence in Cause 2 while awaiting trial in Cause 3 began to count as time served in Cause 3 when the trial court ordered the two sentences to run concurrently. Therefore, the trial court correctly counted Rice's preconviction jail time in Cause 3 as time served in that cause for the purposes of Section 99-19-83 and found that Rice clearly had served more than one year of his sentence in Cause 3. We find that Rice's argument is without merit.

## II. Whether the trial court judge erred in failing to recuse himself from considering Rice's petition for post-conviction relief.

¶16. The Honorable Ashley Hines presided over Rice's trial for auto burglary in Cause 4. On appeal, Rice argues that Judge Hines abused his discretion in failing to recuse himself *sua*

9

*sponte* from the post-conviction proceedings. Rice claims that Judge Hines was disqualified from presiding over the post-conviction hearing because he had participated in Rice's conviction and sentencing in Cause 4.

¶17. We find Rice's argument here to be procedurally barred. Rule 1.15 of the Uniform Rules of Circuit and County Court Practice allows any party to move for the recusal of a judge "if it appears that the judge's impartiality might be questioned by a reasonable person knowing all the circumstances[.]" URCCC 1.15. However, URCCC 1.15 requires a motion for recusal to be filed "within 30 days following notification to the parties of the name of the judge assigned to the case[.]" *Id*. The record reflects that Rice never moved to have Judge Hines recused from the post-conviction proceedings, written or otherwise. The failure to seek recusal generally is considered implied consent to have the judge go forward in presiding over the case. ***Tubwell v. Grant***, 760 So. 2d 687, 689 (Miss. 2000). Because Rice never raised the issue of recusal before the trial court, he consented to have Judge Hines preside over the post-conviction proceeding, and any argument to the contrary on appeal is barred.

¶18. Notwithstanding the procedural bar, Rice's argument fails on its merits. This Court applies an objective test to determine whether a trial judge should have recused himself in a particular matter. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." ***Rutland v. Pridgen***, 493 So. 2d 952, 954 (Miss. 1986). The judge is presumed to be qualified and unbiased, and the challenger bears the burden of overcoming this presumption. ***Turner v. State***, 573 So. 2d 657, 678 (Miss. 1990). This presumption is overcome only by evidence

10

raising a reasonable doubt as to the validity of the presumption. ***Bredemeier v. Jackson***, 689 So. 2d 770, 774 (Miss. 1997).

¶19.   Rice claims that Judge Hines erred in failing to recuse himself from the post-conviction proceeding because he actively had engaged in Rice's prosecution and conviction. "Where one  actively engages in any way in the prosecution, he is disqualified from sitting as a judge in any matter which involves that conviction. ***Banana v. State***, 638 So. 2d 1329, 1330 (Miss. 1994) (citing ***Moore v. State***, 573 So. 2d 688, 689 (Miss. 1990) (internal citation omitted)).  *See also* Miss. Code of Judicial Conduct, Canon 3E(1)(b).  This Court previously has found trial judges to be disqualified from ruling on cases in which they previously had served as prosecutors.  *See **Jenkins v. State***, 570 So. 2d 1191 (Miss. 1990) (trial judge ruling on defendant's post-conviction motion had prosecuted defendant in the underlying criminal trial). However, Judge Hines never served as a member of the prosecution against Rice, and therefore did not actively engage in Rice's prosecution or conviction.

¶20.   Nevertheless, Rice points out that Judge Hines allowed the State to amend Rice's indictment in Cause 4 to charge Rice as a habitual offender and imposed the habitual-offender life sentence that Rice later challenged in the post-conviction proceeding.  We find that these assertions alone do not raise a reasonable doubt as to the presumption of Judge Hines's impartiality, but merely indicate that Judge Hines was following Section 99-19-83 of the Mississippi Code as applied to the case.  After reviewing the transcript of the post-conviction proceeding, we can find no evidence that would call into question Judge Hines's impartiality.  Judge Hines was very accommodating to Rice, a *pro se* litigant, and allowed him to voice all of his arguments and objections during the post-conviction-relief hearing.

11

Because Rice has failed to present this Court with evidence raising a reasonable doubt as to Judge Hines's presumed impartiality, we find Rice's argument to be without merit.

**III.    Whether Rice's sentence in Cause 4 constitutes cruel and unusual punishment.**

¶21.    Rice argues that the trial court in Cause 4 erred in sentencing him to life without parole, claiming that such a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because it is grossly disproportionate to the crime of auto burglary.   Factual and legal issues raised in a petition for post-conviction relief that were decided at trial or on direct appeal are barred by *res judicata.* Miss. Code Ann. § 99-39-1(3) (Rev. 2007). Because the Court of Appeals considered and rejected Rice's Eighth Amendment argument on direct appeal, the doctrine of *res judicata* bars him from raising it again.

¶22.    Notwithstanding the procedural bar, we find Rice's argument here to be without merit. Sentencing is within the complete discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute. ***Reynolds v. State***, 585 So. 2d 753, 756 (Miss. 1991) (citations omitted).  Rice was convicted of three separate felonies prior to his conviction in Cause 4.  The State used two of these prior convictions to charge Rice as a habitual offender in Cause 4. After determining that the State had satisfied the elements of Section 99-19-83, the trial court sentenced him to life without parole.  Rice's sentence was within the limits set by the statute.  We find that Rice's sentence does not "[lead] to an inference of 'gross disproportionality[,]'" such that an extended proportionality analysis is

12

warranted.  *Wilkerson v. State*, 731 So. 2d 1173, 1183 (Miss. 1999) (quoting *Smallwood v. Johnson*, 73 F.3d 1343, 1347 (5th Cir. 1996)).

## CONCLUSION

¶23.    The trial court did not err in finding that Rice served one year or more of his sentence in Cause 3.  In addition, Rice waived his recusal argument by failing to file a recusal motion in the trial court.  Finally, Rice's argument regarding the proportionality of his sentence is barred by *res judicata*, as it was decided on Rice's direct appeal.  Accordingly, this Court affirms the trial court's denial of Rice's petition for post-conviction relief.

¶24.    **AFFIRMED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**