# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01771-COA

**BRISCESON AUGUSTA HASKINS A/K/A**
**BRICESON AUGUSTUS HASKINS A/K/A**
**BRISCESON HASKINS**

APPELLANT

**v.**

**STATE OF MISSISSIPPI**

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/26/2013 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF BURGLARY AND SENTENCED AS A HABITUAL OFFENDER TO SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, WITH THE SENTENCE TO RUN CONSECUTIVELY TO THE SENTENCE CURRENTLY BEING SERVED |
| DISPOSITION: | AFFIRMED - 03/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. A Harrison County jury found Brisceson Haskins guilty of burglary of a business.

Haskins now appeals his conviction and raises the following issues: (1) whether he was

entitled to a new court-appointed attorney; (2) whether he was entitled to a different trial judge; and (3) whether the State's attorney "intimidated" him and made him "scared to testify." Finding no error, we affirm.

## FACTS

¶2. A grand jury indicted Haskins for burglary of a business. After hearing the testimony presented at Haskins's trial, a jury found him guilty. The circuit court judge sentenced Haskins to seven years, as a habitual offender, in the custody of the Mississippi Department of Corrections, without the possibility of parole or probation. The circuit court judge further ordered that Haskins's sentence for burglary run consecutively to another sentence currently being served by Haskins.

¶3. Following his burglary conviction, Haskins filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. In addition, Haskins filed a motion for reconsideration of his sentence. The circuit court judge denied both motions. Aggrieved, Haskins appeals to this Court.

¶4. After reviewing the matter, Haskins's appellate attorney filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005), stating that he could find no arguable issues to support an appeal. Haskins was given additional time to file a pro se brief, and he now raises the following issues for this Court's consideration: (1) whether he was entitled to a new court-appointed attorney; (2) whether he was entitled to a different trial judge; and (3) whether the State's attorney "intimidated" him and made him "scared to

testify."

## DISCUSSION

¶5. When an appellate attorney believes no meritorious issues exist upon which to base an appeal, he must follow the procedure outlined in *Lindsey*. *Havard v. State*, 94 So. 3d 229, 234 (¶10) (Miss. 2012). The appellate attorney "must 'file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28' and certify to the court a diligent review of the procedural and factual history of the criminal action has taken place and that 'there are no arguable issues supporting the client's appeal.'" *Id.* at 234-35 (¶10) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)). The appellate attorney must specifically examine:

> (a) the reason for the arrest and circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id.* at 235 (¶10). The appellate attorney "must then transmit a copy of the appellant's brief to the client, inform him . . . of the findings, and explain his . . . right to file an appellate brief pro se." *Id.* Once all the briefs have been filed, this Court evaluates the case on its merits and renders an opinion. *Id.*

¶6. In the present case, Haskins's appellate attorney from the Office of the State Public Defender has certified to this Court that he followed the procedure set forth in *Lindsey*. While we find no need for additional briefing from Haskins's appellate attorney, we acknowledge that Haskins has filed his own pro se brief for our consideration. We therefore

3

turn to a review of the issues raised by Haskins.

**I. Whether Haskins was entitled to a new court-appointed attorney.**

¶7. In his first assignment of error, Haskins states that he informed the circuit court judge he wanted a different attorney because his court-appointed attorney had represented him on previous charges. On appeal, however, Haskins fails to argue that his court-appointed attorney offered ineffective assistance of counsel or was in any way deficient in his representation of Haskins.

¶8. As our precedent recognizes, "defense counsel is presumed competent." *Bennett v. State*, 990 So. 2d 155, 158 (¶9) (Miss. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). Furthermore, we find this issue is procedurally barred because Haskins fails to cite any legal authority or to offer any record evidence to show that he was entitled to a new court-appointed attorney. "Because the appellant bears the burden of persuasion on appeal, this Court will not consider issues on appeal for which the appellant cites no supporting authority." *Faul v. Perlman*, 104 So. 3d 148, 156 (¶27) (Miss. Ct. App. 2012) (quoting *Sumrall v. Miss. Power Co.*, 693 So. 2d 359, 363 (Miss. 1997)).

**II. Whether Haskins was entitled to a different trial judge.**

¶9. Haskins next asserts that he asked the State's attorney if he could "change judges" because the circuit court judge presiding over his trial had been involved in every case in which he had been convicted. After reviewing the record and applicable caselaw, we find this issue is also procedurally barred. "Rule 1.15 of the Uniform Rules of Circuit and County

4

Court Practice allows any party to move for the recusal of a judge 'if it appears that the judge's impartiality might be questioned by a reasonable person knowing all the circumstances.'" *Rice v. State*, 134 So. 3d 292, 299 (¶17) (Miss. 2014) (quoting URCCC 1.15). "However, [Rule] 1.15 requires a motion for recusal to be filed 'within 30 days following notification to the parties of the name of the judge assigned to the case.'" *Rice*, 134 So. 3d at 299 (¶17).

¶10. In the present case, the record reflects that Haskins was convicted by a jury rather than by a circuit court judge presiding over a bench trial. The record also reflects that Haskins failed to object to the circuit court judge or to file a motion asking the circuit court judge to recuse himself. As our caselaw recognizes, "[t]he failure to seek recusal generally is considered implied consent to have the judge go forward in presiding over the case." *Id.* (citing *Tubwell v. Grant*, 760 So. 2d 687, 689 (¶8) (Miss. 2000)). Because Haskins failed to raise the issue of recusal prior to his appeal, his untimely objection on appeal to this Court is barred.

¶11. Notwithstanding the procedural bar, Haskins's argument also fails on the merits. In previously addressing the issue of recusal, the Mississippi Supreme Court stated:

> This Court applies an objective test to determine whether a trial judge should have recused himself in a particular matter. A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality. The judge is presumed to be qualified and unbiased, and the challenger bears the burden of overcoming this presumption. This presumption is overcome only by evidence raising a reasonable doubt as to the validity of the presumption.

5

*Id.* at (¶18) (internal citations and quotation marks omitted).

¶12. On appeal, Haskins claims that the circuit court judge possessed a conflict of interest and was prejudiced against him. Haskins further argues that the circuit court judge referred to him as a "common thief" in front of the jury. The record reflects that, after the jury's verdict, the circuit court judge made the following statements during Haskins's sentencing:

> All right. Mr. Haskins, this jury has found you guilty of burglary. You are[,] in fact[,] guilty of burglary. And, frankly, sir, I find you to be [a] habitual offender. You are a habitual offender. And for reasons unbeknownst to the court but only to you, you're a thief. Accordingly, it is the sentence of this court that you be sentenced to a term of seven years.

¶13. Despite Haskins's assertions, we find no merit to the argument that he was entitled to another circuit court judge. As previously stated, a presumption exists that judges are qualified and unbiased. *Id.* After reviewing the record in this case, a reasonable person, knowing all the circumstances, would not harbor doubts as to the circuit court judge's impartiality. Because Haskins fails to provide sufficient evidence to raise a reasonable doubt as to the circuit court judge's impartiality, we find that this argument lacks merit.

### III. Whether the State's attorney "intimidated" Haskins and made him "scared to testify."

¶14. In his final assignment of error, Haskins claims that he was "intimidated" and "scared to testify" because the State's attorney said she would show pictures of his mug shots to jurors and the jurors would learn of his prior convictions. Like the other issues he raises on appeal, Haskins again fails to cite any legal authority in support of this assignment of error, and the record contains no evidence to support his allegation that the State's attorney

6

intimidated him to compel him not to testify. As previously discussed, "the appellant bears the burden of persuasion on appeal, [and] this Court will not consider issues on appeal for which the appellant cites no supporting authority." *Faul*, 104 So. 3d at 156 (¶27) (quoting *Sumrall*, 693 So. 2d at 363). Furthermore, "[n]ew issues not presented to the trial court for resolution may not be raised for the first time on appeal." *Bates v. State*, 879 So. 2d 519, 522 (¶7) (Miss. Ct. App. 2004) (citing *Capnord v. State*, 840 So. 2d 826, 828 (¶5) (Miss. Ct. App. 2003)). After reviewing the record and relevant caselaw, we find this issue is procedurally barred.

¶15.    After a thorough examination of Haskins's pro se brief and the record in this case, we find that Haskins fails to raise any arguable issues in support of his appeal. We therefore affirm Haskins's conviction and sentence.

¶16.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY AND SENTENCE AS A HABITUAL OFFENDER OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, WITH THE SENTENCE TO RUN CONSECUTIVELY TO THE SENTENCE CURRENTLY BEING SERVED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**