# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00054-COA

**DENNIS TERRY HUTCHINS A/K/A DENNIS HUTCHENS A/K/A DENNIS HUTCHINS A/K/A DENNIS HUTCHINGS A/K/A DENNIE TERRELL HUTCHINS A/K/A DENNIS T. HUTCHINS**

APPELLANT

v.

**STATE OF MISSISSIPPI**

APPELLEE

DATE OF JUDGMENT:        12/23/2013
TRIAL JUDGE:        HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:        FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        LISA MISHUNE ROSS
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        DENIED MOTION FOR POST-CONVICTION RELIEF
DISPOSITION:        AFFIRMED - 03/31/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**LEE, C.J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1. In 2011, a Forrest County grand jury returned an eight-count indictment against Dennis Hutchins. Prior to trial, the indictment was amended to charge Hutchins as a habitual offender under Mississippi Code Annotated section 99-19-83 (Supp. 2014). In support of its motion to amend the indictment, the State produced the pen packs detailing Hutchins's

convictions and sentences. Hutchins had been convicted of grand larceny in 1990, and simple assault on a police officer in 1991.

¶2. The State proceeded to trial on two of the eight counts. A jury found Hutchins guilty of these two counts. Prior to sentencing, a plea deal was reached where Hutchins would plead guilty to two additional counts and, in return, be sentenced for all four counts under Mississippi Code Annotated section 99-19-81 (Supp. 2014) rather than section 99-19-83. The trial court sentenced Hutchins to six years for each jury conviction, with the sentences to run consecutively to each other. The trial court also sentenced Hutchins to six years for each guilty-plea conviction, with those sentences to run consecutively to each other. However, the trial court set the sentences for the two jury convictions to run concurrently with the sentences imposed in the guilty-plea convictions, for a total of twelve years in the custody of the Mississippi Department of Corrections (MDOC). The sentencing order for the jury convictions stated Hutchins was sentenced as a habitual offender pursuant to section 99-19-81.

¶3. Hutchins filed a motion for post-conviction relief (PCR) alleging his trial counsel provided ineffective assistance. According to Hutchins, his trial counsel should have objected to the motion to amend the indictment because Hutchins had not served one year for his conviction for simple assault on a police officer. After a hearing, the trial court denied Hutchins's PCR motion. Hutchins now appeals, asserting that his trial counsel was ineffective by failing to object to the State's motion to amend the indictment to charge him as a habitual offender under section 99-19-83.

STANDARD OF REVIEW

¶4.     When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

DISCUSSION

¶5.     As all of Hutchins's issues are related to whether he was properly indicted as a habitual offender under section 99-19-83, we will address them together. Hutchins contends his trial counsel was ineffective by failing to object to the State's motion to amend the indictment to charge him under section 99-19-83 because he did not serve one year in prison on his conviction for simple assault on a police officer. Section 99-19-83 required the State to prove beyond a reasonable doubt that Hutchins had been convicted of two prior felonies arising from separate incidents, one being a crime of violence, and was sentenced to and served "separate terms of one (1) year or more, whether served concurrently or not," for each conviction.

¶6.     Hutchins was convicted of grand larceny on May 10, 1990, sentenced to three years suspended, and placed on probation. He was arrested on July 29, 1991, for simple assault on a police officer. Hutchins's probation for the grand-larceny conviction was revoked on September 27, 1991, and he was ordered to serve three years in prison. On October 25, 1991, Hutchins pleaded guilty to simple assault on a police officer, and was sentenced to serve

3

three years concurrently with his sentence for grand larceny. According to the pen pack[1] produced by the State, Hutchins was discharged from prison on July 10, 1992. Hutchins argues this indicates he did not serve one year in prison for simple assault on a police officer. Hutchins also argues that he pleaded guilty to the other two crimes as a non-violent offender under section 99-19-81 because his attorney had advised him that it was the only way to avoid being sentenced to life under section 99-19-83. In fact, during his plea colloquy, the trial court stated, "the consideration for your entry of a guilty plea is the State is reducing the habitual portion of that statute from [section] 99-19-8[3], which would mean life in prison without parole, to [section] 99-19-8[1], which is just a day-per-day [sic] sentence. Do you understand that?" Hutchins replied that he did.

¶7.     The State relies upon *Rice v. State*, 134 So. 3d 292, 298 (¶15) (Miss. 2014), for the principle that "serving one year or more on concurrent sentences imposed for separate convictions arising out of separate incidents at different times amounts to serving more than one year on each sentence." According to *Rice*, because the MDOC calculates concurrent sentences by beginning with the first date of incarceration for the first cause, each day that Rice served for his first offense would also count as time served for his second offense. *Id*. The State contends that because Hutchins's sentence for simple assault on a police officer ran concurrently with his sentence for grand larceny, he served the same amount of time for both convictions. The State argues that the MDOC began calculating Hutchins's sentences for both causes on February 3, 1991, and Hutchins was discharged on July 10, 1992,

---

[1] "Pen packs are the records maintained on inmates sentenced to the custody of the [MDOC]." *Jasper v. State*, 858 So. 2d 149, 152 (¶11) (Miss. Ct. App. 2003).

indicating that he served a total of 523 days in prison.

¶8.    We note that the February 3, 1991 date is from the pen pack and is listed under the heading "sentence begins."  According to the record, Hutchins was in prison between September 22, 1990, and March 1, 1991, for a probation violation.  On February 27, 1991, while Hutchins was in prison, the trial court entered an order finding Hutchins had violated his probation by failing to report.  The trial court then modified the original (May 10, 1990) probation conditions.  Hutchins was released from prison on March 1, 1991, and placed on probation again.  Hutchins was out of prison until July 29, 1991, when he was arrested for simple assault on a police officer.  Regardless, Hutchins served more than one year in prison for his grand-larceny conviction.  Per *Rice*, the time served for his grand-larceny conviction counted as time served for his conviction for simple assault on a police officer.  Thus, it was not improper for the State to initially charge Hutchins as a habitual offender under section 99-19-83.  Consequently, his trial counsel was not ineffective in failing to object to the indictment.  This issue is without merit.

¶9.    **THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT**.

**GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.  IRVING, P.J., AND ROBERTS, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**