# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00845-COA

**ROBERT E. FARRIS, JR. A/K/A ROBERT EUGENE FARRIS, JR. A/K/A ROBERT FARRIS, JR.**

APPELLANT

v.

**STATE OF MISSISSIPPI**

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/26/2023 |
| TRIAL JUDGE: | HON. CELESTE EMBREY WILSON |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT E. FARRIS JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/24/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. The DeSoto County Circuit Court entered an order denying Robert Farris Jr.'s motion for post-conviction collateral relief (PCR). On appeal, Farris asserts that the circuit judge (1) incorrectly sentenced him as both a subsequent drug offender and a nonviolent habitual offender, (2) abused her discretion with regard to his sentencing as a subsequent drug offender, and (3) abused her discretion by failing to sua sponte recuse from his case. Finding no error, we affirm the circuit court's order denying Farris's PCR motion.

## FACTS

¶2. A DeSoto County grand jury indicted Farris for possession of one-tenth of a gram or

more of methamphetamine but less than two grams of methamphetamine. Farris's indictment charged him as both a subsequent drug offender and a nonviolent habitual offender. During plea negotiations, the State agreed to dismiss the habitual-offender enhancement from Farris's indictment. Farris pled guilty, and the circuit court sentenced him as a subsequent drug offender to serve six years in the custody of the Mississippi Department of Corrections (MDOC).

¶3.     Farris filed a timely PCR motion in which he argued that his indictment was defective, his guilty plea was involuntary, his trial attorney rendered ineffective assistance, the judge erroneously failed to recuse sua sponte, and his sentence was grossly disproportionate to his crime. Aggrieved by the circuit court's order denying his PCR claims, Farris appeals.

## STANDARD OF REVIEW

¶4.     "On review of 'a circuit court's dismissal or denial of a PCR motion,' we 'decline to reverse unless the circuit court's decision is clearly erroneous.'" *Hearn v. State*, 386 So. 3d 732, 734 (¶9) (Miss. Ct. App. 2024) (quoting *Badger v. State*, 369 So. 3d 90, 93 (¶8) (Miss. Ct. App. 2023)). We review questions of law de novo. *Id.*

## DISCUSSION

### I.     Habitual-Offender Enhancement

¶5.     On appeal, Farris renews his argument that the circuit judge improperly sentenced him as both a subsequent drug offender and a habitual offender. As the circuit judge found in her order denying Farris's PCR motion, however, the record clearly reflects that the State dismissed the habitual-offender enhancement from Farris's indictment and that the circuit

2

judge subsequently sentenced Farris as only a subsequent drug offender. Everything in the record supports the circuit judge's findings with regard to this issue. We therefore find no clear error requiring reversal.

## II.    Subsequent-Drug-Offender Enhancement

¶6.    Farris also alleges that the circuit judge "erred or failed to recognize that [she] had discretion to sent[e]nce [him] as [a] subsequent drug offender." As previously discussed, though, the record indicates that the circuit judge did sentence Farris as a subsequent drug offender. In addition, the record reflects Farris and the State agreed that Farris's sentence would be subject to the subsequent-drug-offender enhancement alone (and the habitual-offender enhancement would be dismissed) in exchange for Farris's agreement to plead guilty and to serve six years in MDOC's custody. Moreover, Farris failed to raise this argument before the circuit court, and as our caselaw explains, "[i]ssues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court." *Hughes v. State*, 360 So. 3d 657, 660 (¶7) (Miss. Ct. App. 2023) (quoting *Bland v. State*, 312 So. 3d 417, 419 (¶11) (Miss. Ct. App. 2021)). We therefore decline to further address this argument on appeal.

## III.    Sua Sponte Recusal

¶7.    In his final assignment of error, Farris asserts that the circuit judge should have recused sua sponte due to her "previous dealings" with him. "We review a trial judge's denial of a motion to recuse under the manifest abuse of discretion standard." *Britt v. Orrison*, 372 So. 3d 480, 490 (¶36) (Miss. Ct. App. 2023). Farris, however, failed to move

for the circuit judge's recusal during plea proceedings, and a party's "failure to seek recusal generally is considered implied consent to have the judge go forward in presiding over the case." *Doe v. Rankin Med. Ctr.*, 195 So. 3d 705, 714 (¶38) (Miss. 2016) (quoting *Rice v. State*, 134 So. 3d 292, 299 (¶16) (Miss. 2014)).

¶8.     Despite his failure to request the circuit judge's recusal, Farris contended in both his PCR motion and the instant appeal that the circuit judge possessed a conflict of interest because she had served as the assistant district attorney for two of the underlying felonies used to establish his habitual-offender status. As the circuit judge noted in her order denying PCR, though, with regard to Farris's indicted charge at issue, "the State [had] dismissed the habitual[-]offender enhancement which served as the basis for Farris'[s] alleg[ation]" against her. In addition, she had not been involved "in the prosecution of Farris'[s] instant criminal case nor the 2018 indictment . . . which served as the predicate offense for" Farris's subsequent-drug-offender enhancement. We therefore find no prejudice and decline to reverse the circuit judge's decision for abuse of discretion. *See* Miss. Code Jud. Conduct Canon 3(E)(1).

<h2 style="text-align:center">CONCLUSION</h2>

¶9.     Because we find no clear error or abuse of discretion, we affirm the circuit court's order denying Farris's PCR motion.

¶10.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**